**SANGAMO CAPACITOR DIVISION, OF SANGAMO WESTON, INC., Appellee,**

v.

**UNITED STATES, Appellant.**

Appeal No. 85-2386.

United States Court of Appeals,
Federal Circuit.

Dec. 9, 1985.

David O. Elliott, of Barnes, Richardson & Colburn, New York City, argued for appellee. With him on the brief was Jack D. Mlawski, of Barnes, Richardson & Colburn.

Saul Davis, of the Dept. of Justice, New York City, argued for appellant. With him on the brief were Richard K. Willard, Acting Asst. Atty. Gen., and David M. Cohen, Director, Washington, D.C.

Before RICH, DAVIS, and NEWMAN, Circuit Judges.

RICH, Circuit Judge.

This appeal is from the judgment of the United States Court of International Trade, 19 Cust.B. & Dec. 30, 611 F.Supp. 967 (1985), that Sangamo Capacitor Division's (Sangamo) silvered mica sections in frame sizes D-10 and D-19 are entitled to entry free of duty by virtue of the Generalized System of Preferences under Item A516.94 of the Tariff Schedules of the United States (TSUS) and that frame sizes D-15 and D-30 are likewise entitled to entry free of duty under Item A656.15. We affirm.

The imported articles consist of sections of mica coated on opposite sides with silver in selected areas. The articles are produced in India by first placing raw mica blanks in an oven to remove moisture and then into a low temperature oven to keep them moisture-free. Silver is applied to one side of the dry mica by a silk-screening process and dried, and that process is repeated over the same area on the other side. After importation, the articles are made into dipped wire-lead capacitors by a number of manufacturing operations.

The United States urges, and the Customs Service held, that the imported articles are classifiable under Item 685.80

TSUS as "Electrical Capacitors, fixed or variable," a classification provision that imposes a duty of 10% ad valorem, or, in the alternative, that the silvered mica sections fit within that provision because they are unfinished capacitors within the meaning of General Interpretative Rule 10(h) of TSUS:

> (h) unless the context requires otherwise, a tariff description for an article covers such article, whether assembled or not assembled, and whether finished or not finished....

### Court of International Trade

The court considered the testimony of four witnesses, documents, and exhibits and concluded that the silvered mica sections are not sold to the trade in their imported condition, do not meet the Electronic Industrial Association Standards recognized by the industry, are neither designed to introduce, nor capable of introducing, in their imported condition, a known capacitance into an electrical circuit, and therefore are not capacitors.

The court held that the articles are not unfinished capacitors after applying the factors set out in *Daisy-Heddon, Div. Victor Comptometer Corp. v. United States*, 600 F.2d 799, 66 CCPA 97 (Fed.Cir.1979). The relevant factors are:

> (1) Comparison of the number of omitted parts with the number of included parts; (2) comparison of the time and effort required to complete the article with the time and effort required to place it in its imported condition; (3) comparison of the cost of the included parts with that of the omitted parts; (4) the significance of the omitted parts to the overall functioning of the article; and (5) trade customs, i.e., does the trade recognize the importation as an unfinished article or as merely a part of that article.

Particularly noting the large number of steps required to transform the imported article into a commercially acceptable capacitor, the court concluded that the amount of additional work necessary "clearly establishes the subject merchandise does not fall within the unfinished category provided for in Rule 10(h)...."

### OPINION

■ We find no error in the judgment of the Court of International Trade. With respect to whether the imported articles are electrical capacitors within the meaning of 685.80 TSUS, we note, as did the court below, that tariff terms are to be construed in accordance with their common and commercial meanings, presumed to be the same. *Nippon Kogaku (USA), Inc. v. United States*, 673 F.2d 380, 69 CCPA 89 (Fed.Cir.1982). *See also, e.g., Bar Zel Expediters, Inc. v. United States*, 698 F.2d 1210, 1212 (Fed.Cir.1983). Using this proper construction, it is clear that the silvered mica sections are not electrical capacitors under TSUS because, although in a narrow technical sense they can be said to have capacity—as two conductors separated by a dielectric—commercially they are not considered to be capacitors.

■ With respect to whether the silvered mica sections are unfinished capacitors within the meaning of Rule 10(h), the court's conclusion that these sections are merely materials for the manufacture of capacitors, and thus not subject to any entry duty by virtue of the Generalized System of Preferences, is in harmony with the standards set out in *Daisy-Heddon*.

AFFIRMED.